IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22CR00289-001M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| SHARON COKER BURKE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court, upon consent of the United States of America ("United States") and

Defendant Sharon Coker Burke ("Defendant") (collectively, the "Parties"), hereby

ORDERS as follows:

1.     Defendant currently receives quarterly payments, totaling

approximately $7,779.21 per quarter, from an annuity with EquiTrust Life Insurance

Company (the "Annuity Payments"). The Annuity Payments are expected to last

through at least calendar year 2025. Defendant agrees that within ten (10) calendar

days of receiving any Annuity Payment, Defendant shall pay the full value of any

such payment to the United States.

2.     All checks shall be made payable to U. S. District Court, include Case

No. 5:22CR00289-001M, and be mailed to U.S. District Court, P.O. Box 25670,

Raleigh, North Carolina 27611.

3.     All amounts received by the United States shall be applied to the

outstanding debt balance on Defendant's criminal judgment.

4.      If Defendant defaults on any of her obligations under this Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Order or collect upon the outstanding debt owed by Defendant including seeking a writ of garnishment against the annuity.

5.      Nothing in this Order prevents the United States from pursuing administrative offsets, including those through the Treasury Offset Program. Any payments applied to this claim by the Department of Treasury as a result of an offset will be credited as a payment to the existing balance.

6.      Nothing in this order prevents the United States from pursuing any and all remedies allowed by law to collect the debt reflected in Defendant's criminal judgment.

7.      Defendant agrees that the terms and conditions of this Order are final. If incarcerated, Defendant agrees that this Order does not preclude her from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Order does not preclude her from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

8.      Nothing in this Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner.

9.      The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

2

10. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

SO ORDERED this 27th day of September, 2024.

RICHARD E. MYERS, II
Chief United States District Judge

WITH CONSENT:

SHARON COKER BURKE
Defendant

DATE: 9-17-2024

JUSTIN MOYER
Attorney for Defendant

DATE: 9/18/2024

MICHAEL F. EASLEY, JR.
United States Attorney

BENJAMIN J. HIGGINS
Assistant United States Attorney

DATE: 9/18/24

3