IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22CR00289-001M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT ORDER |
| ) | |
| SHARON COKER BURKE, ) | |
| ) | |
| Defendant. ) | |

The Court, upon consent of the United States of America ("United States"), Defendant Sharon Coker Burke ("Defendant"), and William Michael Burke ("Mr. Burke") (collectively, the "Parties"), hereby ORDERS as follows:

1. Defendant and Mr. Burke agree to and shall list the following real property for sale and make every reasonable effort to sell the following real property in good faith and for reasonable market value to a bona fide, third-party purchaser within six months of the Effective Date of this Order:

   a) 1106 Vandora Springs Road, Garner, NC 27529.

2. Provided the sale of the property is conducted in good faith, at reasonable market value, and to a bona fide, third-party purchaser, the United States will not withhold consent to any such sale. If the property is not sold by private sale within six months of the Effective Date of this Order, the Defendant will, as soon as practicable but no later than thirty days from the expiration of the six-month period, contract with a third-party auction company approved by the United States for sale

of the property at auction within six months thereafter. The United States agrees that any capital gains tax, resulting from the sale of the property, may be satisfied from the gross proceeds of the sale. All of Defendant's interest in the net proceeds from the sale of the property will be paid to the United States, along with an accounting of the sale. All Checks should be made payable to U. S. District Court and mailed to U. S. District Court, P. O. Box 25670, Raleigh, North Carolina 27611

3. Prior to the closing of any sale of the property (whether by Defendant or a third-party auction company), the HUD Settlement Statement indicating the terms of the sale shall be provided to the United States Attorney's Office, Financial Litigation Unit, 150 Fayetteville St., Suite 2100, Raleigh, North Carolina 27601, who must approve the HUD Settlement Statement prior to the completion of the real estate closing. All amounts received by the United States from the sale of the property shall be applied to the outstanding debt balance on Defendant's criminal judgment. The United States will release any prospective buyer from the lien on the property sold, provided that the sale is made in good faith, for reasonable market value, to a bona fide, third-party purchaser and that all of the Defendant's interest in the net proceeds from the sale of the property are paid to the United States.

4. If Defendant defaults on any of her obligations under this Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Order or collect upon the outstanding debt owed by Defendant including executing on the real property located at 1106 Vandora Springs Road, Garner, NC 27529.

2

5. Nothing in this Order prevents the United States from pursuing administrative offsets, including those through the Treasury Offset Program. Any payments applied to this claim by the Department of Treasury as a result of an offset will be credited as a payment to the existing balance.

6. Nothing in this order prevents the United States from pursuing any and all remedies allowed by law to collect the debt reflected in Defendant's criminal judgment.

7. Defendant agrees that the terms and conditions of this Order are final. If incarcerated, Defendant agrees that this Order does not preclude her from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Order does not preclude her from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

8. Nothing in this Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner.

9. The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

10. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

3

SO ORDERED this 27th day of September, 2024.

_Richard E. Myers II_
RICHARD E. MYERS, II
Chief United States District Judge

WITH CONSENT:

_Sharon Coker Burke_  DATE: 9-13-24
SHARON COKER BURKE
Defendant

_William Michael Burke_  DATE: 9-17-24
WILLIAM MICHAEL BURKE
Co-Owner

_Justin Moyer_  DATE: 9/18/2024
JUSTIN MOYER
Attorney for Defendant

MICHAEL F. EASLEY, JR.
United States Attorney

_Benjamin J. Higgins_  DATE: 9/18/24
BENJAMIN J. HIGGINS
Assistant United States Attorney

4